UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES M. JANG and ANNA S. PARK, *Plaintiffs*, v. LIBERTY MUTUAL FIRE INSURANCE COMPANY, *Defendant*. | Civil No. 3:15-CV-1243 (JBA) March 27, 2018 |

## ORDER ADOPTING RECOMMENDED RULING AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The Court has reviewed Judge Margolis's thorough and well-reasoned Recommended Ruling [Doc. # 40], granting in part and denying in part Defendant Liberty Mutual Fire Insurance Company's Motion [Doc. # 34] for Summary Judgment. For the reasons discussed below, the Court hereby adopts in full the Recommended Ruling's denial of summary judgment on Counts I and II of the Complaint and grant of summary judgment on Count III.

**I.    Background**

The Court assumes the parties' familiarity with the facts underlying this Motion, as discussed in the Recommended Ruling. (Rec. Ruling at 3-6.) Plaintiffs claim that Defendant has failed to provide coverage under their Homeowners Policy for deterioration and substantial impairment to the structural integrity of their home. (Compl. [Doc. # 1] ¶¶ 4-6, 8, 10-15.) Plaintiffs bring claims for breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), and unfair and deceptive practices in violation of the Connecticut Unfair Insurance Practice Act ("CUIPA") and the Connecticut Unfair Trade Practices Act ("CUTPA")

(Count III). Judge Margolis recommended that summary judgment be denied as to Counts I and II and granted as to Count III. The parties cross-objected.

## II. Discussion

### 1. *Legal Standard and Standard of Review*

Summary judgment is appropriate where, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.' " *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Under D. Conn. Local Civil Rule 72.2, in the event of an objection to a Recommended Ruling, this Court "shall make a de novo determination of those portions of the proposed decision to which objection is made, and may accept, reject, or modify the recommended ruling in whole or in part."

### 2. *Breach of Contract (Count I)*

Defendant objects [Doc. # 42] to the Recommended Ruling's denial of summary judgment on Count I, for breach of contract, contending that (1) "[t]he claimed loss to the plaintiffs' foundation is not covered under the Liberty insurance policy[,]" (2) "there has been no 'collapse'

2

pursuant to Connecticut law[,]" (3) the "claimed loss did not occur during the Liberty Policy[,]" (4) "the claim is barred by the policy's suit limitation provision[,]" (5) "the recommended ruling erred in finding unambiguous terms to be ambiguous[,]" and (6) in the alternative, "the recommended ruling erred in not considering extrinsic evidence to resolve any purported ambiguity." (Def.'s Obj. at 1-2.)

While Defendant objects on all six of the grounds listed above, the core of Defendant's objection—which touches on the sub-objections listed above as (1) and (2)—involves Defendant's claim that the Recommended Ruling erroneously applied the Connecticut Supreme Court's decision in *Beach v. Middlesex Mut. Assur. Co.*, 205 Conn. 246 (1987) in finding that the claimed loss here could constitute a covered "collapse" under the policy pursuant to Connecticut law.

Defendant contends that because the "collapse" provision at issue explicitly states that "collapse" does not include settling, cracking, shrinking, bulging or expansion, the claimed loss here does not constitute a collapse under the unambiguous terms of the policy. (Mem. Supp. Def.'s Obj. [Doc. # 42-1] at 2.)

This objection is ill-founded, under both Connecticut law and the policy itself. The policy's provision for coverage of "collapse" states that "we insure for direct physical loss to covered property involving collapse of a building or any part of a building caused only by one or more of the following: . . . b. [h]idden decay . . . f. [u]se of defective material or methods in construction, remodeling or renovation[.]" (Rec. Ruling at 10.) The policy then states that "[c]ollapse does not include settling, cracking, shrinking, bulging or expansion[.]" (*Id.*)

Defendant argues that "[i]t is completely speculative whether this home will ever be in any danger" and that as a matter of law, "cracking, bulging or expansion in the foundation of a safe home cannot be made synonymous with 'collapse.'" (Def.'s Obj. at 6.) The Court agrees with

3

Defendant that under Connecticut law and the unambiguous terms of the policy, *mere* settling, cracking, shrinking, bulging, or expansion, absent more, would not constitute "collapse." But Plaintiffs do not allege that they have suffered mere settling or cracking, and instead point to evidence that their home has been substantially structurally impaired—in line with *Beach*'s definition of "collapse" under Connecticut law. And as the Magistrate Judge noted, "there are two dueling expert opinions on this issue, thereby clearly establishing an issue of material fact." (Rec. Ruling at 14.) While Defendant's expert has found that the "observed condition . . . is not a substantial impairment to the structural integrity of a building[,]" Plaintiffs' expert has reached the conclusion that the walls of Plaintiff's *are* substantially structurally impaired. (*Id.*) (alteration in original and internal quotation marks omitted)

The Court concurs with the conclusion of Judge Margolis that "[a]t this stage of the case, it is not the Court's role to weigh the credibility of the evidence of the record and of these two experts' testimony." (*Id.*) (citation omitted) Defendant's arguments fail to address the point that its collapse coverage includes collapse caused by hidden decay or the use of defective material or methods in construction, remodeling or renovation, which is precisely the type of loss that Plaintiffs claim here. Accordingly, the Court finds Defendant's other arguments on the definition of collapse and its citation of non-binding authority unavailing.[1]

Defendant also argues that that the claimed loss did not occur during the policy and that the claim is barred by the policy's suit limitation provision. However, Judge Margolis correctly

---

[1] Similarly, the Court finds unconvincing Defendant's attempt to distinguish *Bacewicz v. NGM Ins. Co.*, 2010 WL 3023882 (D. Conn. 2010) by speculating that the court in that case was unaware of a purportedly relevant holding in *Beach*. (Mem. Supp. Def.'s Obj. at 2.) The court's decision in *Bacewicz*, interpreting identical language to that before the Court now, provides further support for the conclusions of the Recommended Ruling.

4

concluded that the record evidence, viewed in the light most favorable to the non-moving party, did not establish definitively that the alleged structural impairment had occurred outside of the policy period. (*See* Rec. Ruling at 16.) Defendant argues that Judge Margolis inappropriately applied the discovery rule in interpreting the policy's suit limitation provision, which states that "[n]o action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss." (Rec. Ruling at 15-16 n.16.)

In the absence of binding Connecticut state law to the contrary on the applicability of the discovery rule, the Court finds convincing the analysis of *Belz v. Peerless Ins. Co.*, 204 F. Supp. 3d 457, 466 n.2 (D. Conn. 2016), *reconsideration denied*, No. 3:13-CV-01315 (VAB), 2016 WL 6542828 (D. Conn. Nov. 3, 2016), cited in the Recommended Ruling. In that case, the court noted that "[a]lthough there is no Connecticut Supreme Court authority on point, this Court has determined on multiple occasions that the 'date of loss' for purposes of an insurance policy's 'Suit Against Us' provision is the date on which the insured learned or should have learned of the covered loss." *Id.* (first citing *Roberts v. Amica Mutual Insurance Company*, 2015 WL 7458510 at *3 (D. Conn. Nov. 24, 2015); then citing *Parker v. Worcester Ins. Co.*, 247 F.3d 1, 4 (1st Cir. 2001)); *see also Bacewicz*, 2010 WL 3023882 at *7 (applying the "discovery rule" and concluding that "the limitations period begins to run only when a reasonable person would have learned of the injury or loss"). While Defendant cites myriad state intermediate appellate decisions from Massachusetts, New York, and Indiana declining to adopt the discovery rule, Defendant directs the Court to no Connecticut appellate authority so holding.

Finally, Defendant argues that the recommended ruling erred in finding unambiguous terms to be ambiguous and in the alternative erred in not considering extrinsic evidence to resolve any purported ambiguity. Because "[t]he Policy excludes coverage for loss to a foundation or

5

retaining walls unless the loss is a direct result of the collapse of a building[,]" Defendant argued to Judge Margolis that "the policy terms 'foundation' and 'retaining walls' are unambiguous, and extrinsic evidence reveals that the claimed loss is to the foundation." (Rec. Ruling at 19.)

As noted by Judge Margolis, courts within the District of Connecticut have consistently rejected this argument by Defendant and have determined that these policy terms were ambiguous and construed them against Defendant. *See Gabriel v. Liberty Mut. Fire Ins. Co.*, No. 3:14-CV-01435-VAB, 2017 WL 6731713, at *2 (D. Conn. Dec. 29, 2017) (noting the court's determination "that the terms 'foundation' and 'retaining wall,' as used in the policy, were ambiguous and therefore construed them against the Defendant."); *Bacewicz*, 2010 WL 3023882, at *4 (D. Conn. Aug. 2, 2010) ("a reasonabl[e] jury could find that the basement walls of the Bacewiczes' house did not constitute the 'foundation' of the house."); *Karas v. Liberty Ins. Corp.*, 33 F. Supp. 3d 110, 115 (D. Conn. 2014) ("[e]ach party thus has a reasonable but different interpretation of the phrases ['foundation' and 'retaining wall'] supported by dictionaries and case law, so the phrases are ambiguous, and the insurance policy should be construed against Liberty Mutual."); *Belz v. Peerless Ins. Co.*, 46 F. Supp. 3d 157, 164 (D. Conn. 2014) (both parties' "interpretations of 'foundation' are reasonable; therefore, it is an ambiguous term."). Defendant speculates that "[t]he Connecticut Supreme Court will likely make the finding reached in *Wurst v. State Farm Fire and Casualty Company*, 431 F. Supp. 2d 501 (D.N.J. 2006) that the basement walls are the 'foundation.'" (Mem. Supp. Def.'s Obj. at 17.) Unpersuaded by Defendant's clairvoyance as to such a future outcome, the Court declines to depart from the caselaw of the District of Connecticut.

3. *Bad Faith (Count II)*

Defendant also objects to the Recommended Ruling's denial of summary judgment on Count II for bad faith, arguing that (1) "[t]he bad faith claim should fail because there is no

coverage[,]" (2) "this litigation concerns a mere coverage dispute which cannot form the basis for bad faith liability[,]" and (3) the recommended ruling did not follow other recent decisions in this District that granted summary judgment in the insurers' favor "on identical bad faith counts" dealing with "identical policy language in foundation litigation[.]" (Def.'s Obj. at 2.)

Defendant's first objection lacks merit, as discussed above. With respect to Defendant's second objection, Judge Margolis explained the specific record evidence that establishes a material dispute of fact as to whether Defendant had actually conducted an investigation of the claim. (Rec. Ruling at 23-24.) On this record, Judge Margolis correctly denied summary judgment on Plaintiffs' bad faith claim. Finally, Defendant's argument that the Recommended Ruling failed to follow other recent decisions in this District misunderstands the facts and holdings of those cases, while ignoring decisions within this District denying summary judgment under similar circumstances. (*See* Rec. Ruling at 24 n.22, 23.)[2]

### 4. CUTPA/CUIPA (Count III)

The Court incorporates the Recommended Ruling's statement of the applicable law governing a claim for violation of CUIPA and CUTPA. (*See* Rec. Ruling at 24-25.) The Recommended Ruling accurately articulates Plaintiffs' "assertion in support of this claim [as] the

---

[2] Defendant fails to address Judge Margolis's persuasive discussion of *Gabriel*, 2017 WL 6731713, *Roberts*, 264 F. Supp. 3d 394, and *Belz*, 204 F. Supp. 3d 457, to which the Court directs Defendant. And while Defendant urges that "[t]he ruling on bad faith should follow Judge Underhill's ruling in *Karas*[,]" (Mem. Supp. Def.'s Obj. at 27), there is no written decision in that case that explains Judge Underhill's reasoning in his ruling from the bench. However, the docket reflects that "[a]s stated on the record," the motion for summary judgment was granted in part and denied in part "substantially for the reasons given in Doc. No. 99, *Roberts v. Liberty Mut. Ins. Co.*, No. 3:13-cv-00435 (SRU)." *Karas et al v. Liberty Insurance Corp*, No. 3:13-cv-01836-SRU [Doc. # 69]. The *Roberts* summary judgment decision on bad faith contains no discussion of any failure by Liberty Mutual to investigate the claim.

existence of the denial of multiple identical claims for coverage" and concludes that Plaintiffs fail to "support their CUTPA/CUIPA with record evidence[,]"(*id.* at 26), referencing *Roberts*' holding that a district court's "denial of summary judgment does not make liability reasonably clear" and that "unless and until a higher court rejects Liberty Mutual's position, the insurer is entitled to continue making its (hitherto unsuccessful) arguments with respect to coverage, without exposing itself to liability under CUTPA/CUIPA[,]" *Roberts*, 264 F. Supp. 3d at 416.

Plaintiffs' claim cannot survive summary judgment. First, to the extent that Plaintiffs implicitly claim a violation of Conn. Gen. Stat. § 38a-816(6)(D)—"refusing to pay claims without conducting a reasonable investigation based upon all information"—the record in this case does not support Plaintiffs' claim that Defendant has a general business practice of failing to investigate claims of this nature, as all of the five claim denial letters included by Plaintiffs as exhibits reflect some claimed investigation on which denial was based. Second, to the extent that Plaintiffs claim a violation of Conn. Gen. Stat. § 38a-816(6)(F)—"not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear"— Plaintiffs cannot establish that liability has become reasonably clear based on the policy language at issue here. *See Roberts*, 264 F. Supp. 3d at 416 (noting that a denial of summary judgment does not constitute a finding "that the defendant actually is liable—it merely determin[es] that a reasonable factfinder could find [defendant] liable on the claims against it." (alterations in original) (internal quotation marks and citations omitted)). There is neither appellate court jurisprudence nor a series of uniform lower court judgments rejecting Defendant's position, either of which could make Defendant's liability "reasonably clear."

Accordingly, summary judgment must be granted in Defendant's favor on this claim.

### III. Conclusion

For the reasons set forth above, pursuant to 28 U.S.C. § 636(b)(1)(c) and D. Conn. L. Civ. R. 72.1(C), the Court APPROVES and ADOPTS the Recommended Ruling denying Defendant's Motion for Summary Judgment on Counts I and II, and granting Defendant's Motion for Summary Judgment on Count III.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 27th day of March 2018.