UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES M. JANG and<br>ANNA S. PARK,<br>　　　　　　*Plaintiffs*,<br><br>　　　　　*v.*<br><br>LIBERTY MUTUAL FIRE INSURANCE<br>COMPANY,<br>　　　　　　*Defendant*. | Civil No. 3:15-CV-1243 (JBA)<br><br>May 21, 2018 |

**ORDER GRANTING MOTION TO STAY AND ADMISTRATIVELY CLOSING CASE**

　　　　Defendant moves [Doc. # 57], with consent of Plaintiffs [Doc. # 60], to stay future proceedings in this matter to await disposition of Judge Underhill's certification of the question of what constitutes a "substantial impairment of structural integrity" to the Connecticut Supreme Court, because it is one of the primary questions at issue in this litigation. (*See* Mot. Stay (citing *Karas v. Liberty Ins. Corp.*, 2018 WL 2002480 (D. Conn. 2018).) Defendant notes that Judge Bryant has issued an order administratively closing the case of *Gladysz v. Liberty Mut. Fire Ins. Co.*, Civil Docket No. 3:16-cv-00917 (VLB), and that Judge Chatigny has similarly stayed the litigation in *Vera v. Liberty Mut. Ins. Co.*, Civil Docket No. 3:16-cv-00072 (RNC), pending resolution of this question by the Connecticut Supreme Court.

　　　　In consenting to the request for a stay, Plaintiffs "request that the stay be lifted within some reasonable time following the earlier of the Connecticut Supreme Court answering the question certified in *Karas v. Liberty Mut. Ins. Co.*, Docket No. 3:13-cv-01836 (SRU) or the Connecticut Supreme Court refusing that certified question."

This case, like *Karas*, involves the application of an insurance policy provision that covers collapse caused by "hidden decay[,]" *inter alia*, but that excludes collapse caused by "settling, cracking, shrinking, bulging or expansion."

"In determining whether to issue a stay," the Court "consider[s] the following factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162 (2d Cir. 2012) (internal quotation marks and citations omitted). While these stay factors are more commonly applied in the context of stays pending *appeals*, as opposed to certification of legal questions, here the public interest clearly lies in allowing the Connecticut Supreme Court to clarify this insurance policy issue, and the result of the certification could eliminate unnecessary further litigation between these parties. Moreover, issuance of a stay will not injure either Defendant or Plaintiffs. Accordingly, Defendant's Motion to Stay is GRANTED, on consent.

The Clerk is directed to administratively close this case. Both parties have a right to move to reopen this case and restore it to the active docket within 30 days of either (1) the Connecticut Supreme Court declining to accept the certified question, or (2) the Connecticut Supreme Court ruling on this question.

                                  IT IS SO ORDERED.

                                  /s/
                                Janet Bond Arterton, U.S.D.J.
                      Dated at New Haven, Connecticut this 21st day of May 2018.